

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL MARTINEZ,

              Plaintiff,

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
FRANK COLLAFLURI, 106th Precinct,
NEW YORK CITY POLICE OFFICER
DAVID MARONI, 106th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 106th Precinct,

              Defendant(s).
------------------------------------------------------------X

**COMPLAINT & JURY DEMAND**

CV 13 6201

GERSHON, J.

POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, ANGEL MARTINEZ, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, ANGEL MARTINEZ is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICERS FRANK COLLAFLURI, NEW YORK CITY POLICE OFFICER DAVID MARONI, and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief of the 106th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI, Defendant NEW YORK CITY POLICE OFFICER MARONI and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI, Defendant

NEW YORK CITY POLICE OFFICER MARONI and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY OFFICER COLLAFLURI, Defendant NEW YORK CITY POLICE OFFICER MARONI and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police

Officers, including the named Defendant Officers.

## STATEMENT OF FACTS

11. On January 24, 2012 at approximately 9:30 p.m. Plaintiff and a friend were riding their bicycles in the vicinity of Linden Boulevard in Queens County when they were approached by the named Defendant Officers. Defendant NEW YORK CITY POLICE OFFICER MARONI approached the Plaintiff's friend, while Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI approached the Plaintiff. The Defendant Officers ordered both the Plaintiff and his friend to get off their bikes. Without lawful reason, Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI began to search the Plaintiff, during which Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI forcefully grabbed the Plaintiff's left arm and twisted it behind the Plaintiff's back causing bruising to Plaintiff's arm and intense physical pain. Both Defendant Officers then shoved Plaintiff face-first against the hood of a car, causing bruising and lacerations to the left side of the Plaintiff's face, and tearing the Plaintiff's shirt. Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI then placed the Plaintiff in a choke hold, while Defendant NEW YORK CITY POLICE OFFICER MARONI punched the Plaintiff in the stomach three times, causing the Plaintiff to lose his wind, while still in the chokehold of Defendant NEW YORK CITY POLICE OFFICER COLLAFURI. Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI then handcuffed the Plaintiff's hands behind his back, causing the Plaintiff to experience numbness to his right wrist. The Plaintiff was then transported to the 106th Precinct by Defendant NEW YORK CITY POLICE OFFICERS COLLAFLURI and MARONI. The Plaintiff was searched again at the precinct and then subsequently transported to Central Booking, where the Plaintiff was searched a third time, fingerprinted and photographed by members of THE NEW

YORK CITY POLICE DEPARTMENT. The Plaintiff was released from police custody after approximately twenty four hours. The following day the Plaintiff received medical treatment at a local area hospital, where he was examined and had his midsection X-rayed by medical personnel. The Plaintiff continued to experience numbness to his right wrist for approximately three months after the aforementioned incident and arrest by the named Defendant Officers. On January 25, 2012 the Plaintiff returned to the 106th Precinct in order to file a complaint against the Defendant Officers and was told by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, that he would not take the Plaintiff's report, despite a sign at the precinct that stated that Police misconduct could be reported at any precinct. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE'S refusal to act upon Plaintiff's complaint of Defendant NEW YORK CITY POLICE OFFICER COLLAFLURI and Defendant NEW YORK CITY POLICE OFFICER MARONI'S alleged conduct, caused the Plaintiff considerable emotional upset and alarm and prevented THE NEW YORK CITY POLICE DEPARTMENT from investigating the Defendant Officers alleged conduct.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER FRANK COLLAFLURI, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER FRANK

COLLAFLURI occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER FRANK COLLAFLURI acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force upon Plaintiff and placing Plaintiff in a choke hold without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER FRANK COLLAFLURI occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER DAVID MARONI acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully handcuffing the Plaintiff and placing him under arrest, without lawful reason or cause.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICER DAVID MARONI occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

21. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, the conduct of NEW YORKCITY POLICE OFFICER DAVID MARONI acting under color of State law, violated section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff without lawful reason or cause by punching the Plaintiff in the midsection of his body.

23. That the actions of Defendant NEW YORK CITY POLICE OFFICER DAVID MARONI occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to the Plaintiff.

## FIFTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution, Due Process Violations**

24. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, the conduct of Defendant NEW YORK CIITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully refusing to accept or respond to the complaint of the Plaintiff, without lawful reason or cause.

26. That the actions of defendant NEW YORKCITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

27. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER FRANK COLLAFLURI resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER DAVID MARONI resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

31. The Plaintiff by reference incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein

32. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICERS FRANK COLLAFLURI and DAVID MARONI, which resulted in the false arrest, detention, photographs and searches of the Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant NEW YORK CITY POLICE OFFICER FRANK COLLAFLURI, resulted in the intentional assault of Plaintiff, resulting in physical injury to the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

35. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER DAVID MARONI, resulted in the intentional assault of Plaintiff, resulting in physical injury to the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

37. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendants NEW YORK CITY POLICE OFFICERS FRANK COLLAFLURI and DAVID MARONI, resulted in damage to Plaintiff's personal property, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS FRANK COLLAFLURI and DAVID MARONI.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: November 7, 2013
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com